**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 97-1050**

―――――――――

United States of America, for the use and
benefit of J. BOBBY CURRIN & SONS, a North
Carolina General Partnership,

Plaintiff - Appellant,

versus

HARTFORD ACCIDENT AND INDEMNITY COMPANY,

Defendant - Appellee,

and

J & W BUILDERS, INCORPORATED,

Defendant.

―――――――――

Appeal from the United States District Court for the Middle Dis-
trict of North Carolina, at Greensboro. Frank W. Bullock, Jr.,
Chief District Judge. (CA-95-533-2)

―――――――――

Submitted: June 9, 1998          Decided: August 31, 1998

―――――――――

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

George K. Freeman, Jr., ROUNTREE & SEAGLE, L.L.P., Wilmington, North Carolina; Benjamin N. Thompson, THOMPSON & GODWIN, L.L.P., Dunn, North Carolina, for Appellant. C. Hamilton Jarrett, ELLZEY & BROOKS, L.L.C., Raleigh, North Carolina; James Lynn Werner, Cheryl L. Behymer, ELLZEY & BROOKS, L.L.C., Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

J. Bobby Currin & Sons ("Currin") appeals the district court's order granting summary judgment in favor of Hartford Accident and Indemnity Company ("Hartford"), in this action filed under the Miller Act, 40 U.S.C.A. §§ 270a to 270d (West 1986 & Supp. 1998). Currin sought payment in excess of $310,000 under the payment bond issued by Hartford, as surety, for the work Currin did as a subcontractor on a government project. Hartford asserted in its motion for summary judgment that Currin's claim was barred by the one-year statute of limitations. See 40 U.S.C.A. § 270b. Currin responded that the doctrine of equitable estoppel precluded Hartford from raising the limitations defense. The district court granted summary judgment in Hartford's favor and dismissed Currin's action as untimely filed, relying on United States ex rel. Humble Oil & Refining Co. v. Fidelity & Casualty Co. of New York, 402 F.2d 893, 898 (4th Cir. 1968).

We have carefully examined the record, the briefs, and the opinion of the district court. We agree with the district court that Currin failed to satisfy the requirements of equitable estoppel and, therefore, affirm the grant of summary judgment on the reasoning of the district court. See United States ex rel. J. Bobby Currin & Sons v. Hartford Accident & Indem. Co., No. CA-95-533-2 (M.D.N.C. Dec. 13, 1996). We dispense with oral argument

based on our prior order granting the unopposed motion to submit the case on briefs.

AFFIRMED